UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DOUGLAS HEYER and MELISSA
NERMESAN,

CASE NO.:

    Plaintiffs,

v.

SERVICES UNLIMITED, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs DOUGLAS HEYER ("HEYER") and MELISSA NERMESAN ("NERMESAN")(collectively "Plaintiffs"), by and through undersigned counsel, file this Complaint against Defendant, SERVICES UNLIMITED, LLC ("SU" or "Defendant"), an Florida Limited Liability Company, and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff HEYER was a resident of Palm Beach County, Florida.

5. At all times material hereto, Plaintiff NERMESAN was a resident of Palm Beach County, Florida.

6. At all times material hereto, Defendant was and continues to be a Florida Limited Liability Company engaged in business in Florida, with its principal place of business in Palm Beach County, Florida.

7. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. Defendant was and continues to be an "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendant was engaged in property management services.

15. At all times relevant hereto, Defendant had more than two employees.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

19. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

20. Plaintiff HEYER worked for the Defendant from February 2014 through January 2015, as an hourly paid "Property Manager."

21. In this capacity, Plaintiff, HEYER, was paid $21.00 per hour and his primary duties and responsibilities involved the performance of manual labor and non-exempt work, thereby rendering him a non-exempt employee entitled to overtime compensation.

22. Plaintiff NERMESAN worked for the Defendant from January 19, 2014, until December 23, 2015, with the title of "Office Manager."

23. Although salaried, Plaintiff NERMESAN's primary duties and responsibilities was the performance of non-exempt, non-discretionary duties, rendering her a non-exempt employee entitled to overtime compensation.

24. At various material times hereto, Plaintiffs worked for Defendant in excess of forty (40) hours within a work week.

25. During the relevant limitations period, Defendant failed to compensate Plaintiffs at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week based on its misclassification of Plaintiffs as exempt employees.

26. Plaintiffs should have been compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA.

27. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiffs worked in excess of forty (40) hours per week for their relevant period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

28. Plaintiffs have retained the law firm of RICHARD CELLER LEGAL, P.A. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiff re-alleges and reavers paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. During their employment, Plaintiffs worked in excess of the forty (40) hours per

week for which Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay.

31. Plaintiffs were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

33. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

34. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiffs overtime compensation in the amount due to them for

Plaintiffs' time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiffs pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: March 29, 2016

Respectfully submitted,

RICHARD CELLER, ESQ.
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

Trial Counsel for Plaintiff